UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DARLENE A. JACKSON (aka LEWIS),

                        Plaintiff,

        -against-

NYS OFFICE OF MENTAL HEALTH – PILGRIM PSYCHIATRIC CENTER; MICHAEL IZZANO – DIRECTOR OF HR 6,

                        Defendants.
-----------------------------------------------------------------X

For Online Publication Only

**ORDER**

23-CV-4164(JMA)(ARL)

FILED
CLERK
11:39 am, Jun 15, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

On May 22, 2023, Plaintiff Darlene A. Jackson, a.k.a. Darlene A. Lewis ("Plaintiff") filed a pro se complaint in the United States District Court for the Southern District of New York, alleging, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, that her employer discriminated against her based on her religion. (See ECF No. 1.) By Order dated May 23, 2023, that Court granted Plaintiff's request to proceed in forma pauperis ("IFP") and, by Transfer Order dated May 26, 2023, transferred the case to the Eastern District of New York. (See ECF Nos. 4, 6.) On June 6, 2023, it was assigned to the undersigned. (See ECF No. 7.)

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] See Walker v. Schult, 717 F.3d. 119, 123, n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process… in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

1

To allow Plaintiff to effect service on Defendants NYS Office of Mental Health – Pilgrim Psychiatric Center and Michael Izzano through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service.  See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).  Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal IFP, such status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                                                                       /s/ (JMA)
                                                                                    Hon. Joan M. Azrack
Dated:  June 15, 2023                                                United States District Judge
           Central Islip, New York